IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                     Plaintiff,

OPINION AND ORDER

08-cv-318-bbc
06-cr-227-bbc-01

              v.

JAMES LOWE,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant James Lowe has moved for a reduction of his sentence under 28 U.S.C.

§ 2255.  He contends that his sentence is illegal for two reasons: (1) His trial counsel was

constitutionally ineffective for (a) failing to contest the sentencing guidelines enhancement

based on a stolen weapon, when the government had not proved that defendant knew the

gun was stolen; (b) failing to object when the court sentenced defendant to the high end of

the guidelines after the government had agreed that defendant would be sentenced at the low

end; and (c) failing to object when defendant was sentenced for the crime of which he was

convicted ((possession of a firearm by a felon) and had his sentence enhanced because he

had been convicted in state court of the crime of selling or distributing a dangerous weapon

1

to a child; and (2) the court ordered him to serve a term of supervised release in addition to his sentence although it had no authority to impose such a term.

At the outset, it is necessary to address defendant's failure to appeal from his sentence. Ordinarily, failure to appeal bars a defendant from raising in a post-conviction motion any issue he could have raised on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354, (quoting Sunal v. Large, 332 U.S. 174, 178 (1947))).  The only escape from the bar is to show both cause and prejudice for the failure to appeal.  Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") Id.

Defendant has not suggested any good cause for his failure to raise his claims on direct appeal.  He says only that his trial counsel told him incorrectly that he had a year in which to appeal and that the issue of ineffective assistance is not an issue that could have been raised on appeal.  He does not say that he asked his trial counsel to take an appeal  or acknowledge that the court reminded him not only of his right to appeal but of counsel's obligation to continue to represent him on appeal at government expense.  As to his claim

2

that ineffective assistance cannot be raised on appeal, that is true only when the claim cannot be decided on the written record.   In this case, defendant's assertions of ineffectiveness do not require the court to go outside the record to determine their validity; they rest on legal issues.   Even so, however, defendant is not barred from raising this particular issue in a post-conviction proceeding.   In <u>Massaro v. United States</u>, 538 U.S. 500, 509 (2003), the Supreme Court held that a defendant challenging his federal conviction under § 2255 could raise an ineffective assistance of counsel claim in such a motion, even if he could have raised the claim on direct appeal but did not.   Therefore, I will take up the issue.

Defendant does not fare so well on his second issue, the alleged illegality of supervised release.   That is an issue he could have raised on direct appeal, had he taken one.   He has not shown good cause for not doing so and he could not show prejudice because the issue is not one on which he could succeed.   Contrary to his assertions, the court did have the authority to impose a term of supervised release on him and doing so was not unconstitutional.   <u>See</u> <u>United States v. Sanchez</u>, 08-cv-243, at 7-8 (copy attached).

To prove a claim of ineffective assistance of counsel, a defendant must show both that his counsel's representation of him fell outside the wide range of professional competent assistance *and* that the inadequate representation caused him prejudice.   <u>Strickland v.</u>

3

Washington, 466 U.S. 668, 687, 690 (1984).  Defendant cannot make that showing in this case.  The three instances of ineffectiveness he attributes to his counsel are matters on which defendant could not possibly have succeeded.  For counsel to raise and argue them would not have been effective representation; omitting these arguments could not have prejudiced defendant.

First, defendant contends that his counsel should have contested the enhancement to his sentencing guidelines offense level on the ground that defendant did not know that the firearm was stolen.  U.S.S.G. § 2K2.1, App. Note 5 provides that "Subsection (b)(4) [the enhancement for a stolen firearm] applies regardless of whether the defendant knew or had reason to know that the firearm was stolen or had an altered or obliterated serial number."  In light of this provision, it would have been futile for counsel to have objected to the application of the enhancement.

Second, defendant contends that his counsel was ineffective in failing to object when the court sentenced defendant to the high end of the guidelines after the government had agreed that defendant would be sentenced at the low end.  This contention rests on an inaccurate premise.  Defendant may believe that the government agreed to a particular sentence in advance of sentencing, but he is wrong.  Nothing in the written plea agreement says anything about an agreement to a sentence.  Defendant was asked at his plea hearing

4

whether anyone had promised him a specific sentence; he said no.  Moreover, it is not this court's practice to accept pleas incorporating agreements about the sentence that will be imposed.  Defendant's counsel made his best effort in arguing for a sentence at the low end; if that failed, he had no basis for challenging the court's decision to impose a sentence at the high end.

Third, defendant contends that his counsel let him down again by failing to object when defendant was sentenced for the crime of which he was convicted ((possession of a firearm by a felon) and had his sentence enhanced because he had been convicted in state court of the crime of selling or distributing a dangerous weapon to a child.  As I understand this claim, defendant is arguing that it is unlawful to enhance his guidelines sentence for a state criminal conviction.  However, defendant had his sentence enhanced not simply because he was convicted of a crime in state court, but because he possessed the firearm "in connection with another felony offense," the giving of the firearm to  a 17-year-old.

Contrary to defendant's assertion, enhancing his sentence is this way is not double punishment or giving him two sentences for one crime.  A sentencing enhancement is not a separate penalty; it is simply a guide to deciding where in the statutory range a sentence should fall.  In cases like defendant's, the Sentencing Commission made a conscious decision that the use a defendant made of a firearm was an important consideration in deciding what

5

level of punishment he should receive.  The decision seems unexceptional.  It would be hard to say that a felon who possesses a firearm in connection with another crime does not deserve more punishment than a felon who merely possesses a firearm.

In summary, defendant has not demonstrated any deficiency in his representation. His motion for post-conviction relief will be denied.

ORDER

IT IS ORDERED that defendant James Lowe's motion for post-conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 20th day of June, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

        Plaintiff,

                08-cv-243-bbc

                06-cr-88-jcs

        v.

JULIO JOSE LEON SANCHEZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Julio Jose Leon Sanchez has filed a timely motion for post conviction relief under 28 U.S.C. § 2255.  He contends that his conviction and sentence are illegal on several grounds: (1) neither his trial counsel nor his appellate counsel provided him constitutionally adequate counsel; (2) the mandatory sentencing guidelines are a violation of Art. I, §§ 2 and 3 of the United States Constitution;   (3) the charges against him should have been prosecuted in state court because they were actually state charges growing out of a related

civil suit; (4) his minor son was subjected to an illegal search; and (5) subjecting him to a term of supervised release is illegal in a number of respects.  I find that (1) defendant has failed to show that either of his appointed counsel gave him inadequate representation; (2) the Sentencing Guidelines under which he was sentenced were not mandatory and for that reason, did not violate the Constitution; (3) he has not shown that any state charges played any part in his federal prosecution; (4) he has provided no evidence to support his claim that the seizure of his firearm was illegal; and (5) it is not illegal to require him to serve a term of supervised release once he completes his term of imprisonment.  Moreover, any claim defendant might have on behalf of his son is not properly raised in a motion challenging the criminal proceedings against him.

Before discussing defendant's § 2255 motion further, it is necessary to address a motion that was filed on his behalf by Sheila Sanchez on May 27, 2008.  Titled "Motion to Amend Motion for Extension of Time," the motion included allegations that defendant had been held or was going to be held in solitary confinement at the Waseca, Minnesota Federal Correctional Institution after his transfer from the Terre Haute Federal Correctional Institution for a period of five to six weeks.  Ms. Sanchez asked that this development be included as mitigating circumstances of cruel and unusual punishment of defendant.

Because it does not appear that Ms. Sanchez is a lawyer, she cannot represent

8

defendant in this matter.  Even if she could, her allegations of defendant's current circumstances are not something that can be considered on the present motion, which is directed only to the legality of his conviction and sentence.  If defendant believes that he is being treated unconstitutionally at Waseca, he will have to file a new complaint in a new case in the district in which the institution is located.

DISCUSSION

Defendant was charged in an indictment with five counts of distributing controlled substances or possessing them with intent to deliver and one count of possessing a gun after having been previously been convicted of a felony.  He entered a plea of guilty to one distribution count involving cocaine and one count of gun possession by a felon and was sentenced to terms of 78 months on each count, with the terms to run concurrently.  He appealed his conviction and sentence to the court of appeals, asserting that his criminal history score included a misdemeanor offense that should not have been counted and that the government never proved beyond a reasonable doubt either that he possessed a stolen firearm or that he possessed the firearm in connection with a controlled substance offense. The court of appeals affirmed both the conviction and the sentence.

1. <u>Ineffectiveness of trial and appellate counsel</u>

In arguing that he was denied adequate representation at trial, defendant asserts that his counsel failed to undertake a thorough investigation of the issues and failed to raise important issues.  This assertion fails, however, because he does not explain what additional evidence counsel could have turned up had he investigated more thoroughly or what "important issues" he could have raised.   It is defendant's obligation to provide the court "a showing as to what the investigation would have produced," <u>Hardamon v. United States</u>, 319 F.3d 943, 951 ((7th Cir. 2003), and explain how the information discovered "would have led counsel to change his recommendation as to the plea." <u>Hill v. Lockhart</u>, 474 US. 52, 58-60 (1985); <u>Richardson v. United States</u>, 379 F.3d 485 (7th Cir. 2004).  It is not enough for defendant simply to allege that further investigation might have made a difference; in moving for postconviction relief, he must come forward with specifics.  In this case, it is hard to imagine what those might be.  Defendant was arrested after engaging in three hand-to-hand sales with an undercover police officer; the drugs that were the subject of counts 4 and 5 were located in a search of his vehicle immediately following his arrest at the third meeting with the undercover officer; and defendant's gun was recovered from his residence.

Defendant has not suggested what important issues his trial counsel might have

10

raised, although he is the only one who would know what those issues might be. I have reviewed a copy of the handwritten objections he sent to his counsel to be submitted to the court. Nothing in them would have changed defendant's offense level or criminal history score. For example, defendant maintains that he should not have received a two-point enhancement for possessing a gun in connection with a controlled substance offense. He argues that his receipt of the gun was more like a pawn shop arrangement, in which he commonly received items from customer either in return for drugs or as security for a drug payment. This may be true, but it would not have changed the judge's decision to give defendant the two-point enhancement. Whether the gun was the quid pro quo for the drugs or whether it was left with defendant as security for a drug debt, it was in defendant's possession in connection with the criminal act of selling drugs. No more is necessary to sustain the enhancement.

Defendant argues that the aggregate effect of the errors by his court-appointed counsel show that the attorneys were ineffective. The court of appeals has held that no errors occurred on the record before it and defendant has not shown that any other errors occurred that would not be of record. As I held in the preceding paragraphs, defendant's mere assertion that his attorneys failed to investigate and failed to raise important issues do not prove ineffective assistance. Therefore, his motion will be dismissed on this ground.

11

## 2. Illegality of sentencing guidelines

Defendant's argument that the sentencing guidelines constitute an illegal bill of attainder is a non-starter.  Whatever merit such a contention might have had has vanished now that the Supreme Court has held the guidelines constitutional so long as they are interpreted as advisory, as they were in this case.  United States v. Booker, 543 U.S. 220 (2005).

## 3. Improper charging in federal court

It is difficult to follow defendant's argument that the charges against him should have been prosecuted in state court because they were actually state charges growing out of a related civil suit.  He seems to be saying that a lawyer representing him in another matter drafted an inaccurate affidavit that was filed in a state court proceeding and seized upon by the Assistant United States Attorney as evidence that defendant had committed perjury. Defendant alleges that as a result of this affidavit, he was strong-armed into withdrawing from a civil suit that he had initiated to avoid perjury charges.  He does not explain how this chain of events affected his federal prosecution, which did not include any perjury charges. At most, defendant observes that his federal prosecution was initiated soon after the affidavit was filed.

12

In the absence of any explanation by defendant about how the suspected perjury might have affected his conviction or sentence, I must deny his motion as to this contention.

## 4. Illegal search

Defendant alleges that police officers broke into his house to search for a gun, took his three-year-old son away from his mother to question him and learned from the child that the gun in the house was "Daddy's gun." Defendant contends that the search was illegal but he does not say why it was. For example, he does not say that the officers acted without a warrant or that they exceeded the scope of a warrant. Without some idea of what might have been illegal about the search, I cannot consider his contention that it was.

Defendant concentrates on what he says was the violation of his child's liberty interest and of his own liberty interest in familial relations. It may be that defendant has some kind of civil claim (although on the present record, it is impossible to tell), but I cannot make out any issue that would affect his criminal conviction and sentence.

## 5. Supervised release

Defendant makes a number of assertions about why it was illegal or unconstitutional for the court to impose a term of supervised release on him. First, he says that no statutory

13

basis exists for doing so.  He is wrong about this.  18 U.S.C. § 3583 sets out the statutory authorization for including "as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." § 3583(a).

Second, in a variant of his first point, he says that only Congress is authorized to provide for supervised release and that without any authorization from Congress, it is a violation of the separation of powers for courts to impose such release.  Contrary to defendant's assertion, when courts impose a term of supervised release, they do so under § 3583(a) and do not infringe on Congress's power to determine punishments.

Third, defendant contends that his right not to be subjected to double jeopardy was violated when the court imposed a term of supervised release on him, but he is wrong about this as well.  Even if the term of supervised release is considered a separate punishment for defendant's criminal conduct, which it is not, imposition of supervised release would not violate the constitutional protection against being twice put in jeopardy for the same offense. Missouri v. Hunter, 459 U.S. 359, 368 (1983) (where Congress intends to impose double punishments, it is not double jeopardy for court to impose both intended punishments).

Defendant's last challenge to the constitutionality of supervised release is based on his contention that when the sentencing guidelines were held unconstitutional, every other part of the law became void, including supervised release.  The guidelines were held

14

unconstitutional only so far as they were considered to be mandatory; the rest of the law remains in full force and effect.

In summary, defendant's motion must be denied in all respects because defendant has shown no ground for holding his conviction and sentence illegal or unconstitutional.


ORDER

IT IS ORDERED that defendant Julio Jose Leon Sanchez's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED.

FURTHER, IT IS ORDERED that Sheila Sanchez's motion filed on behalf of defendant to amend his request for an extension of time to respond to include circumstances of cruel and unusual punishment at Waseka Federal Correctional Institution is DENIED because such a request must be made by defendant himself or by a lawyer acting on his behalf and in any event cannot be heard as part of defendant's motion brought pursuant to § 2255.

Entered this 9th day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

15